**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) TANDY HALEY and wife** | ) | |
| **(2) WANDA   HALEY; (3) LINDA** | ) | |
| **WHITLOCK, as Personal Representative** | ) | |
| **of the Estate of ANDREW H.** | ) | |
| **PATTERSON, deceased; (4) ALBERT N.** | ) | |
| **BLANKENSHIP and wife (5) BETTY** | ) | |
| **JANE BLANKENSHIP; (6) JAMES A.** | ) | |
| **MORRIS; (7) JOHN CALECAS, JR. and** | ) | |
| **wife (8) DOROTHY G. CALECAS;** | ) | |
| **(9) MILTON HALE and wife (10) DORIS** | ) | |
| **HALE; (11)  JOE A. MARTIN; and** | ) | |
| **(12) SANDRA THOMPSON (13) LISA** | ) | |
| **ROSS WILSON, (14) WINFRED E.** | ) | |
| **ROSS, and (15) JERRY L. ROSS, as** | ) | |
| **Personal Representatives of the Estate of** | ) | |
| **OLETHA J. DOUGLAS, deceased,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **(1) UNION CARBIDE CORPORATION;** | ) | |
| **(2) CARBORUNDUM COMPANY;** | ) | |
| **(3) CROWN CORK & SEAL COMPANY,** | ) | |
| **INC. (4) DANA CORPORATION;** | ) | |
| **(5) CERTAINTEED CORPORATION;** | ) | |
| **(6) THE FLINTOKOTE COMPANY;** | ) | |
| **(7) GENERAL REFRACTORIES** | ) | |
| **COMPANY; (8) GREFCO, INC.;** | ) | |
| **(9) INGERSOLL-RAND COMPANY;** | ) | |
| **(10) OWENS-ILLINOIS, INC.;** | ) | |
| **(11) RILEY STOKER CORPORATION;** | ) | |
| **(12) ACANDS, INC.; (13) ALLIED** | ) | |
| **SIGNAL; (14) PFIZER, INC.;** | ) | |
| **(15) OGLEBAY NORTON COMPANY;** | ) | |
| **(16) SPECIALTY SAND COMPANY;** | ) | |
| **(17) UNIMIN CORPORATION; (18) U.S.** | ) | |
| **SILICA COMPANY.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. Parties

1.      Plaintiffs are **TANDY HALEY** and wife **WANDA HALEY**; **LINDA WHITLOCK**, as

Personal Representative of the Estate of ANDREW H. PATTERSON, deceased; **ALBERT N.**

**BLANKENSHIP** and wife **BETTY JANE BLANKENSHIP**; **JAMES A. MORRIS**; **JOHN CALECAS, JR.** and

wife **DOROTHY G. CALECAS**; **MILTON HALE** and wife **DORIS HALE**; **JOE A. MARTIN**; and **SANDRA**

**THOMPSON**, **LISA ROSS WILSON**, **WINFRED E. ROSS**, and **JERRY L. ROSS**, as Personal

Representatives of the Estate of OLETHA J. DOUGLAS, deceased.  Plaintiffs at all relevant times

herein were and are residences of the State of Oklahoma.  The Plaintiffs identified as wives or

personal representatives are not claiming personal exposure to any of the toxic dusts and/or particles

described herein.

2.      All Defendants are corporate entities incorporated and with principal places of

business in states other than Oklahoma.  The Defendants identified in paragraphs 3 through 17

herein are commonly referred to as the "Asbestos Defendants."  The Asbestos Defendants are so

named because they have engaged in the mining, processing, manufacturing and/or sale or

distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for

the use of asbestos and/or asbestos-containing products in Oklahoma and throughout the United

States.  The Defendants identified in paragraphs18 through 20 herein are commonly referred to as

the "Silica Defendants."  The Silica Defendants are so named because they have been engaged in the

mining, processing, manufacturing, sale, and/or distribution of silica and silica-containing products

in Oklahoma and throughout the United States.

3.      Defendant **CARBORUNDUM COMPANY**, n/k/a INDUSTRIAL HOLDINGS CORPORATION,

n/k/a UNIFRAX CORPORATION, is a corporation that is organized and existing under and by virtue of

the laws of the State of Delaware, with its principal place of business in the State of New York.  In

accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by

mailing the service of process to the corporation's last address known to the plaintiffs which is as

follows: Carborundum Company, c/o Unifrax Corporation, 2351 Whirlpool Street, Niagara Falls,

NY 14305.

4.       Defendant **CERTAINTEED CORPORATION**, is a corporation that is organized and

existing under and by virtue of the laws of the State of Delaware, with its principal place of business

in the State of Pennsylvania.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may

be made on the corporation by mailing the service of process to the corporation's last address known

to the plaintiffs which is as follows: Certainteed Corporation, 750 East Swedesford Road, Valley

Forge, PA 19482.

5.       Defendant **CROWN CORK & SEAL COMPANY, INC.** (individually and as successor in

interest to MUNDET CORK CORPORATION), is a corporation that is organized and existing under and

by virtue of the laws of the State of Pennsylvania, with its principal place of business in the State of

Pennsylvania.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the

corporation by mailing the service of process to the corporation's last address known to the plaintiffs

which is as follows: Crown Cork & Seal Company, Inc., One Crown Way, Philadelphia, PA 19154-

4599.

6.       Defendant **DANA CORPORATION**,, is a corporation that is organized and existing

under and by virtue of the laws of the State of Ohio, with its principal place of business in the State

of Ohio.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the

corporation by mailing the service of process to the corporation's last address known to the plaintiffs

which is as follows: Dana Corporation, P.O. Box 1000, Toledo, Ohio 43697.

7.      Defendant **THE FLINTKOTE COMPANY**, is a corporation that is organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of California.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: The Flintkote Company, Three Embarcadero Center, Suite 1190, San Francisco, CA 94111.

8.      Defendant **GENERAL REFRACTORIES COMPANY**, is a corporation that is organized and existing under and by virtue of the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: General Refractories Company, 225 City Avenue, Ste. 114, Bala Cynwyd, PA 19004.

9.      Defendant **GREFCO, INC.**, is a corporation that is organized and existing under and by virtue of the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: GREFCO, Inc., 225 City Avenue, Ste. 114, Bala Cynwyd, PA 19004.

10.     Defendant **INGERSOLL-RAND COMPANY**, is a corporation that is organized and existing under and by virtue of the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Ingersoll-Rand Company, 820 Bear Tavern Road, West Trenton, New Jersey 08628.

4

11.     Defendant **OWENS-ILLINOIS, INC.**, successor in interest to OWENS-ILLINOIS GLASS COMPANY, is a corporation that is organized and existing under and by virtue of the laws of the State of Ohio, with its principal place of business in the State of Pennsylvania.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Owens-Illinois, Inc., One Seagate, Toledo, OH 43666.

12.     Defendant **RILEY STOKER CORPORATION**, k/n/a RILEY POWER, INC. is a corporation that is organized and existing under and by virtue of the laws of the State of Massachuset, with its principal place of business in the State of Massachuset.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows:  Riley Stoker Corporation, c/o Riley Power, Inc., 5 Neponset Street, Worcester, Massachuset 01606.

13.     Defendant **UNION CARBIDE CORPORATION**, is a corporation that is organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in the State of Michigan.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Union Carbide Corporation, 2030 Dow Center, Tax Department, Midland, MI 48674.

14.     Defendant **ACANDS, INC.**, is a corporation that is organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Pennsylvania. In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: ACandS, Inc., 120 N. Lime Street, Lancaster, PA 17602.

15.      Defendant **ALLIED SIGNAL**, n/k/a HONEYWELL INTERNATIONAL, INC., is a corporation that is organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of New Jersey.  In accordance with Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Allied Signal, c/o Honeywell International, Inc., 101 Columbia Road, P.O. Box 1057, Tax Department, Morristown, NJ 07962-1057.

16.      Defendant **PFIZER, INC.**, is a corporation that is organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of New York.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Pfizer, Inc., 235 East 42 Street, New York, NY 10017.

17.      Defendant **OGLEBAY NORTON COMPANY**, is a corporation that is organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Ohio.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Oglebay Norton Company, 1100 Superior Ave., Cleveland, Ohio 44114.

18.      Defendant **SPECIALTY SAND COMPANY** is a corporation that is organized and existing under and by virtue of the laws of the State of Texas, with its principal place of business in the State of Texas.  In accordance with  Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Specialty Sand Company, 7500 San Felipe #1001, Houston, Texas 77063.

19.     Defendant **UNIMIN CORPORATION** is a corporation that is organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Connecticut.  In accordance with Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: Uniman Corporation, 258 Elm Street, New Canaan, Connecticut 06840.

20.     Defendant **U.S. SILICA COMPANY**, f/k/a PENNSYLVANIA GLASS SAND CORPORATION and Successor in Interest through merger to OTTAWA SILICA COMPANY and TEXAS INDUSTRIAL MINERALS COMPANY, is a corporation that is organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of West Virginia.  In accordance with Okla. Stat. tit. 12 § 2004, service of process may be made on the corporation by mailing the service of process to the corporation's last address known to the plaintiffs which is as follows: U.S. Silica Company, P.O. Box 187, Berkeley Springs, West Virginia 25411.

## B.  Jurisdiction

21.     The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the plaintiffs and the defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

## C.  Conditions Precedent

22.     All conditions precedent have been performed or have occurred.  Plaintiffs' claims fall within the savings provision of Okla. Stat. tit. 12 § 100 (2004).

### D.  Facts Common to All Asbestos Defendants

23.     For nearly half a century, each and every Asbestos Defendant had been engaged in the mining, processing, manufacturing and/or sale or distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in Oklahoma and elsewhere.  Plaintiffs were exposed to asbestos-containing products while employed as a general laborer for Liberty Glass, Anchor Glass and others in Oklahoma between the years 1957 through1998.

24.     Asbestos and asbestos-containing products are hazardous to an individual's health; and for nearly one century, the Asbestos Defendants jointly and collectively knew that asbestos and asbestos-containing products were and are hazardous to an individual's health.

25.     The Asbestos Defendants, in concert, ignored and failed to act upon medical and scientific data showing that asbestos and asbestos-containing products were and are hazardous to one's health.

26.     The Asbestos Defendants deprived the public, including the Plaintiffs, of medical and scientific data regarding the hazards of asbestos.

27.     The asbestos-containing products to which the Plaintiffs were exposed includes, but is not limited to, the following: ACandS, Inc. insulting products, Allied Signal Friction King Brake Linings, WM Brake Linings, Bendix Brake Assemblies and Lined Brake Shoes, Bendix Brake Blocks, Bendix Clutch Facings, Crown Cork & Seal Co., Inc. Tri-Calite insulation, General Refractories Company refractory products, GREFCO, Inc. plaster, coating, adhesive and cement, Ingersoll-Rand compressors and gaskets, Riley Stoker Corp. boiler insulation, The Flintkote Company cement, tiles, pipe siding, board, coating and compound, Dana Corp. gaskets, clutches, Quigley Co. gaskets, clutches, Union Carbide Bakelite, Calidria, Certainteed Corp. shingles,

insulation, Phizer, Inc. gaskets, clutches, The Carborundum Company grinding wheels, Oglebay

Norton hot tops, and Owen-Illinois Kaylo block and pipe covering, all of which are manufactured

and/or distributed by one or more of the Defendants

28.     In that each exposure to such products cause or contributed to Plaintiffs' injuries,

Plaintiffs allege that the doctrine of joint and several liability should be extended to apply to each

Asbestos Defendant herein.

### E.  Causes of Action against Asbestos Defendants

29.     Plaintiffs hereby adopt and incorporate paragraphs 1 through 28.

### Count I - Product Liability

30.     Asbestos Defendants mined, processed, manufactured, designed, fabricated,

fashioned, packaged, distributed, sold, leased and /or delivered asbestos and/or asbestos-containing

products.

31.     Defendants' asbestos and asbestos-containing products are defective because the

asbestos and asbestos-containing products were and are not reasonably fit for the ordinary purposes

for which such items are intended or may reasonably be expected to be used.

32.      Because of this defect, asbestos and asbestos-containing products were and are

unreasonably dangerous to a person who used or uses, consumed or consumes, or might be

reasonably expected to be affected by the asbestos or asbestos-containing products.

33.     Defendants' asbestos and/or asbestos-containing products were and are defective

because they lacked and lack an adequate warning of its dangerous characteristics or adequate

instructions for its safe uses that were and are sufficient to inform foreseeable ordinary users, such as

the Plaintiffs, or the known risks of harm.

34.    These risks of harm could not be reasonably expected by ordinary users, such as Plaintiffs.

35.    These risks of harm were not apparent to ordinary users, such as the Plaintiffs, from the nature of the asbestos and/or asbestos-containing products and/or from other information known to the Plaintiffs.

36.    The asbestos and/or asbestos-containing products were defective at the time Defendants mined, processed, manufactured, designed, fabricated, fashioned, packaged, distributed, sold, leased and/or delivered their products or when the products left their control.

37.    Plaintiffs were the type of persons who used, consumed, or could have reasonably been affected by Defendants' asbestos and/or asbestos-containing products.

38.    Defendants expected their asbestos and/or asbestos-containing products to reach the public and to be used without substantial change in its condition when sold.

39.    Defendants asbestos and asbestos-containing products did, in fact, reach the public and were used with no substantial change in condition from the time their asbestos and/or asbestos-containing products were put into the stream of commerce by Defendants.

40.    Plaintiffs sustained personal injuries resulting in damages to them directly caused by the defective asbestos and/or asbestos-containing products as set forth above.

<u>Count II - Negligence</u>

41.    Plaintiffs hereby adopt and incorporate paragraphs 1 through 40.

42.    Asbestos Defendants were negligent in designing, producing, manufacturing, testing, inspecting, packaging, advertising, promoting, selling and/or distributing for sale their asbestos and asbestos-containing products.

43.    Asbestos Defendants' negligence included, but is not limited to, the following:

(f)     Defendants negligently failed to provide any or adequate and proper warnings as to the dangers of the use of said products and materials to those persons using, handling, or coming into contact therewith;

(g)     Defendants negligently failed to warn and failed to provide adequate instructions of any potentially safer handling methods which should have been utilized by users, handlers, or other persons who were reasonably and foreseeably known to come into contact with the asbestos-containing products and materials;

(h)     Defendants negligently failed to investigate and/or test for the hazards of asbestos products and materials;

(i)     Defendants negligently failed to investigate and/or test for the hazards of asbestos products and materials;

(j)     To the extent that some Defendants may have inquired as to the hazards of said materials, the Defendants negligently failed to convey whatever knowledge or dangers, health hazards, or safety precautions they may have had to the users and consumers of their asbestos-containing products;

(k)     Defendants negligently failed to design asbestos-containing products in such a fashion as to prohibit or minimize the release of airborne, inhalable and ingestible asbestos dust and/or fibers; and

(l)     Defendants negligently failed to render warnings and/or advise or give instructions and/or information to the Plaintiffs so that they may have made adequate and informed judgments as to the use of said products and were otherwise negligent.

Count III - Punitive Damages

44.     Plaintiffs hereby adopt and incorporate paragraphs 1 through 43.

45.     The Defendants showed an intentional and/or wanton and reckless disregard for the public safety of the Plaintiffs.

46.     The Defendants either knew or else did not care that there was a substantial and unnecessary risk of injury as a direct result of Defendants' actions.

47.     The following facts justify a substantial award of punitive damages against the Defendants:

11

(a)     The Defendants' asbestos and asbestos-containing products pose a serious risk of harm to the public;

(b)     The Defendants were aware of the existence and seriousness of the defect and they have neither corrected the defect nor reduced the danger, but rather they attempted to conceal the defect and deceive the public about the danger of asbestos and asbestos-containing products;

(c)     The cost to repair the defect was reasonable in relation to the risk posed; and

(d)     The Defendants enjoyed decades of enormous profits from the sale and distribution of asbestos and asbestos-containing products and they continue to enjoy substantial financial resources.

<u>Count IV - Damages</u>

48.     Plaintiffs hereby adopt and incorporate paragraphs 1 through 47.

49.     As a direct and proximate result of Defendants' tortious conduct as aforesaid, Plaintiffs have developed asbestos lung disease and other related physical conditions.  Plaintiffs have been damaged in the following particulars:

(a)     Plaintiffs have suffered great physical pain and mental anguish and will continue to suffer great pain of body and mind throughout their lifetimes;

(b)     Plaintiffs have incurred hospital and/or medical and/or pharmaceutical and/or other expenses and will continue to incur such expenses in the future due to the progressively disabling character of asbestos-related lung disease and other related physical conditions from which they now suffer and will continue to suffer in the future;

(c)     Plaintiffs suffer physical impairment at this time and will continue to suffer this impairment in the future tine to the disabling character of asbestos-0related lung disease and other related physical conditions;

(d)     Plaintiffs suffer permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of asbestos-related lung disease and other related physical conditions;

(e)     Plaintiffs are subject to an extraordinarily increased likelihood of developing (or the progression and/or recurrence of) cancer of the lungs, mesothelioma and other cancers, all due to said exposure to products and/or machinery

12

manufactured, sold and/or distributed by the named Defendants;

(f)     Plaintiffs will require medical monitoring throughout their lifetimes to survey the progression of their asbestos-related lung disease and to aid in the early detection and treatment of any or all of the cancers described above and will be required to pay for such medical monitoring;

(g)     Plaintiffs have suffered a progressive loss of earning capacity and will continue to suffer a loss of earning capacity and wages throughout their lifetime;

(h)     Plaintiffs require or will require domestic help and nursing care due to their disabilities and have been or will be required to pay for such services;

(i)     Prior to the onset of their symptoms, Plaintiffs were extremely active and participated in numerous hobbies and activities, and as a result of their illness, Plaintiffs have been and will be prevented from engaging in some of said activities which were normal to them prior to developing symptoms from asbestos-related lung disease.  Plaintiffs have been and will otherwise be prevented from participating in the enjoyment of the benefits of a full and complete life; and

(j)     Plaintiffs' wives seek past and future damages for loss of spousal consortium and loss of household services.

50.     The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

51.     Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiffs.

52.     The actions of each of the Defendants are a proximate cause of Plaintiffs' injuries.  As a result, all Dependants are jointly liable for the damage caused by their combined actions.

### F.  Facts Common to All Silica Defendants

53.     Some of the Silicosis Defendants or their predecessors-in-interest, are or at times material hereto, have been engaged in the mining, processing, manufacturing, sale, and/or distribution of silica and silica-containing products.

54.     Plaintiffs would show that for a period of many years from 1957 through 1998, Plaintiffs worked with and were exposed to silica and silica-containing products while working at Anchor Glass in Henryetta, Oklahoma and/or Liberty Glass in Sapulpa, Oklahoma.

55.     The silicosis-containing products to which Plaintiffs were exposed include, but are not limited to, the following: Specialty Sand Company silica sand, Unimin Corp. silica sand, olivine, and microcrystalline silica, U.S. Silica Company silica sand (whole grain silica, ground silica), kaolin clay and aplite.

56.     Plaintiffs were exposed to and inhaled great amounts or respirable silica associated with the making of glass products at these facilities.

57.     Plaintiffs allege, as more specifically set out below, that Plaintiffs suffered injuries, proximately caused by exposure to silica and silica-containing products designed, manufactured and/or sold by the Silicosis Defendants.

58.     In that each exposure to such products caused or contributed to Plaintiffs' injuries, Plaintiffs allege that the doctrine of joint and several liability should be extended to apply to each silica Defendant herein.

### G.  Causes of Action against Asbestos Defendants

59.     Plaintiffs hereby adopt and incorporate paragraphs 1 through 28 and 53 through 58.

#### Count I - Product Liability

60.     Plaintiffs were exposed to silica and silica-containing products that were manufactured and distributed by the defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations.  Plaintiffs will show that the defective condition of the products rendered such products unreasonably dangerous, and that the silica and silica-containing products, were in this defective condition at the time they left the hands

of Defendants.

61.     The Defendants are, or were, engaged in the business of selling silica-containing products and those silica-containing products, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Plaintiffs.

62.     Defendants knew that those silica-containing products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the silica-containing products.

63.     Plaintiffs were unaware of the hazards and defects in the silica-containing products of the Defendants that made them unsafe for purposes of manipulation and/or installation.  Similarly, Plaintiffs were unaware of th hazards and defects in the silica or silica-containing products of the Defendants that made them unsafe for their intended purposes.

64.     During the period that Plaintiffs were exposed to the silica-containing products of the Defendants, the plaintiffs were utilizing Defendants' products in a manner which was intended by the Defendants.

### Count II - Negligence

65.     Plaintiffs hereby adopt and incorporate paragraphs 1 through 28 and 53 through 64.

66.     The illnesses, disabilities, and other damages of Plaintiffs are a direct and proximate result of the negligence of each Silicosis Defendant and/or its predecessor-in-interest in that said entities produced, sold and/or otherwise put into the stream of commerce silica and /or silica-containing products which the Defendants knew, or in the exercise of ordinary care should have known, were delirious and highly harmful to Plaintiffs' health and well-being. The Defendants were negligent in one, some and/or all of the following respects, among others, same being a

proximate cause of Plaintiffs' injuries:

(a)     In failing to timely and adequately warn Plaintiffs of the dangerous characteristics and serious health hazards associated with exposure to silica and/or silica containing products;

(b)     In failing to provide Plaintiffs with information as to what would be reasonably safe and sufficient wearing apparel, and proper protective equipment and appliances, if in truth there were any, to protect Plaintiffs from being harmed and disabled by exposure to silica and/or silica-containing products;

(c)     In failing to timely place adequate warnings on the containers of said silica-containing products themselves and warn of the dangers to health of coming into contact with said silica or silica-containing products and/or machinery;

(d)     In failing to take reasonable precautions or exercise reasonable care to publish, adopt, and enforce a safety plan and/or safe method of handling and installing silica or silica-containing products;

(e)     In failing to develop and utilize a substitute material to eliminate the dust and/or particles in the silica or silica-containing products;

(f)     In failing to properly design and manufacture silica or silica-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     In failing to properly test said silica or silica-containing products before they were released for consumer use; and

(h)     In failing to recall and/or remove from the stream of commerce said silica or silica containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

Count III - Punitive Damages

67.     Plaintiffs hereby adopt and incorporate paragraphs 1 through 28 and 53 through 66.

68.     Plaintiffs further allege that the Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated, and conspired among themselves to cause Plaintiffs' injuries, diseases, and illnesses by exposing Plaintiffs to harmful and dangerous silica or

silica-containing products.   Further, Defendants knowingly agreed, contrived, combined,

confederated, and conspired to deprive Plaintiffs of the opportunity of informed free choice as to

whether to use silica or silica-containing products or to expose themselves to said dangers.

Defendants committed the above described wrongs by willfully misrepresenting and suppressing the

truth as to the risks and dangers associated with the use of and exposure to Defendants' silica and/or

silica-containing products.

69.     In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     For many decades, Defendants, individually, jointly, and in conspiracy with each other, have been in possession of medical and scientific data, literature and test reports, which clearly indicated that the inhalation of silica dust resulting from the ordinary and foreseeable use of said silica or silica-containing products, were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     Despite the medical and scientific data, literature, and test reports possessed by and available to Defendants, Defendants individually, jointly and in conspiracy with each other, fraudulently, willfully and maliciously:

(1)     withheld, concealed, and suppressed the medical and scientific data, literature, and test reports regarding the risks of silicosis, cancer and other illnesses and diseases from Plaintiffs who were using and being exposed to Defendants' silica or silica-containing products;

(2)     caused to be released, published, and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of silicosis, cancer and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading.

(c)     By the false and fraudulent representations, omissions, and concealments set for the above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the plaintiffs to rely upon said false and fraudulent representations, omissions, and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' silica and/or silica-containing products.

70.     Plaintiffs reasonably and in good faith relied upon the false and fraudulent

representations, omissions, and concealments made by the Defendants regarding the nature of their

silica or silica-containing products.

71.    As a direct and proximate result of Plaintiffs' reliance on Defendants' false and

fraudulent representations, omissions, and concealments, Plaintiffs have sustained damages

including injuries, illnesses, and disabilities, and has been deprived of the opportunity of informed

free choice in connection with the use of and exposure to Defendants' silica or silica-containing

products.

72.    The actions and inactions of Defendants and their predecessors-in-interest, as

specifically alleged hereinabove, whether taken separately or together, were of such a character as to

constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damage

and injury to the Plaintiffs.   More specifically, Defendants and their predecessors-in-interest,

consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness, and/or malice

with regard to the Plaintiffs, and others, and should be held liable in punitive and exemplary damage

to the Plaintiffs.

Count IV - Damages

73.    Plaintiffs hereby adopt and incorporate paragraphs 1 through 28 and 53 through 72.

74.    As a direct and proximate result of Defendants' tortious conduct as aforesaid,

Plaintiffs have developed silica-related lung disease and other related physical conditions. Plaintiffs

have been damaged in the following particulars:

        (a)    Plaintiffs have suffered great physical pain and mental anguish and will
              continue to suffer great pain of body and mind throughout their lifetime;

        (b)    Plaintiffs have incurred hospital and/or medical and/or pharmaceutical and/or
              other expenses and will continue to incur such expenses in the future due to
              the progressively disabling character of silicosis-related lung disease and
              other related physical conditions from which they now suffer and will

continue to suffer in the future;

(c)     Plaintiffs suffer physical impairment at this time and will continue to suffer this impairment in the future tine to the disabling character of silicosis-related lung disease and other related physical conditions;

(d)     Plaintiffs suffer permanent partial disability at this time and will become permanently and totally disabled in the future due to the progressive character of silicosis-related lung disease and other related physical conditions;

(e)     Plaintiffs are subject to an extraordinarily increased likelihood of developing or the progression and/or recurrence of cancer of the ,lungs, all due to said exposure to products sold and/or distributed by the named Defendants;

(f)     Plaintiffs will require medical monitoring throughout their lifetimes to survey the progression of the silicosis-related lung disease and to aid in the early detection and treatment of any or all of the cancers described above and will be required to pay for such medical monitoring;

(g)     Plaintiffs have suffered a progressive loss of earning capacity and will continue to suffer a loss of earning capacity and wages throughout his lifetime;

(h)     Plaintiffs require or will require domestic help and nursing care due to their disabilities and have been or will be required to pay for such services;

(i)     Prior to the onset of his symptoms Plaintiffs were extremely active and participated in numerous hobbies and activities, and as a result of their illnesses, Plaintiffs have been and will be prevented from engaging in some of said activities which were normal to them prior to developing symptoms from silicosis-related lung disease.  Plaintiffs have been and will otherwise be prevented from participated in the enjoyment of the benefits of a full and complete life;

(j)     Plaintiffs' wives seek past and future damages for loss of spousal consortium and loss of household services.

75.     The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

76.     Each of the Dependants knew or should have known that its individual actions would combine to cause the injuries to the Plaintiffs.

19

77.     The actions of each of the Defendants are a proximate cause of Plaintiffs' injuries.  As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## H. Jury Demand and Prayer

For these reasons, Plaintiffs demand a jury trial and judgment against the Defendants, and each of them jointly and severally, in an amount in excess of $ 75,000, for general damages, special damages, for punitive and exemplary damages in an amount in excess of $ 75,000, for costs, attorneys' fees, prejudgment interest from the date of Plaintiffs' exposure to asbestos and silica, and post-judgment interest, and for any such further relief both at law and in equity, as the Court may deem appropriate.

Respectfully submitted,

**KING & ASSOCIATES**

s/Richard M. Glasgow
TOM L. KING
Oklahoma Bar Association # 5040
RICHARD M. GLASGOW
Oklahoma Bar Association # 13135
15 North Robinson, Suite 1100
Oklahoma City, Oklahoma 73102
Phone:          (405) 239-6143
Fax:            (405) 236-3934

And

JOHN R. FABRY
Texas Bar No. 06768480
STEVEN J. KHERKHER
Texas Bar No. 11375950
Williams Bailey Law Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Phone:          (713) 230-2200
Fax:            (713) 643-6226